FILED
CLERK, U.S. DISTRICT COURT

MAY - 4 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| ROBERT CASTRO, | ) Case No. EDCV 10-00427 DSF (AN) |
|---|---|
| Petitioner, | ) **ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |
| v. | ) |
| K. HARRINGTON, Warden, | ) |
| Respondent. | ) |

Before the court is a petition for writ of habeas corpus ("Petition") brought by Robert Castro ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the court finds it is time-barred.

## I. BACKGROUND

The pending Petition, filed by the clerk on March 23, 2010, raises five claims directed at Petitioner's September 11, 1995 conviction of four counts of attempted first degree murder and one count of conspiracy that he sustained in the California Superior Court for Riverside County (case no. CR57414). Pursuant to the court's duty to screen § 2254 petitions, the Magistrate Judge found it plainly appeared from the face of the Petition and relevant state court records that this action was barred by the one-year

statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on April 2, 2010, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). (4/2/10 Order to Show Cause Re Dismissal of Habeas Petition As Time-barred ("OSC"), (dkt. 3).) The OSC discussed the various bases for tolling and directed Petitioner to show cause why the action should not be dismissed as time-barred by filing a written response no later than April 23, 2010. (OSC at 4-8.) The OSC warned Petitioner that his failure to file a timely response to the OSC would result in a waiver of his right to respond to the OSC, and that his Petition would be dismissed with prejudice as time-barred without further notice. (OSC at 8.) On April 23, 2010, Petitioner filed his Response to the OSC (dkt. 11) ("Response"), which he describes as his "Answer." The Response does not raise any arguments addressing the limitations period or tolling and essentially reiterates his substantive claims. The matter now stands submitted.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the

petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.  Statute of Limitations**

The Petition is governed by AEDPA because it was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner sustained his underlying conviction on September 11, 1995, and was sentenced on November 9, 1995. (Pet. at 3.[2]) The California Court of Appeal, Fourth Appellate District, Division Two, affirmed the judgment on direct appeal on October 21, 1997 (case no. E017457), and the California Supreme Court denied review of that decision on January 28, 1998. (Pet. at 3-4; state court records.) Petitioner never filed a petition for certiorari with the United States Supreme Court. Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on April 28, 1998, the ninetieth day after the state high court denied his petition

---

[1]  The court takes judicial notice of Petitioner's records in the superior court, which are available on the Internet at http://public-access.riverside.courts.ca.gov, and in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]  Petitioner did not used the court's approved petition form, failed to consecutively number the pages of the Petition as required by Local Rule 11-3.3, and failed to file mandatory court copies that are signed and dated. For sake of clarity, the court cites pages of the Petition by referring to the electronic pagination furnished by the court's official CM-ECF electronic document filing system.

for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, April 29, 1998, and ended a year later on April 28, 1999. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until March 10, 2010[3/] -- 3,969 days (nearly 11 years) after the expiration of the limitations period.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

---

[3/] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition was filed on March 23, 2010. (Pet. at 1.) The Petition states it was signed and dated by Petitioner on March 10, 2010, however, the attached proof of service was signed and dated by Petitioner on March 8, 2010. Because it would have been impossible for Petitioner to have signed the Petition on March 10, 2010, if he had mailed it to the clerk's office on March 8, 2010, it is presumed that Petitioner signed the proof of service before he signed the Petition and then inadvertently failed to make the corresponding correction to the proof of service. Regardless, for purposes of the timeliness analysis, the court gives Petitioner the benefit of the doubt by construing the Petition as being constructively filed on March 10, 2010, which is the earliest date he could have signed the Petition and delivered it to prison officials for mailing to the clerk's office.

Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Relevant state court records establish Petitioner is not entitled to statutory tolling of the limitations period because he did not file any state habeas petitions. Further, Petitioner's filings, including his Response to the OSC, do not set forth any facts that show he is entitled to any statutory tolling.

**D.  Alternative Start of the Statute of Limitations**

    **1.  State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

Page 5

applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings, including his Response to the OSC, do not set forth any facts that show he is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings, including his Response to the OSC, do not set forth any facts that show he is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings, including his Response to the OSC, do not set forth any facts that show he is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

### E. Equitable Tolling

The United States Supreme Court has not yet decided whether AEDPA's limitations period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005)

("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found that equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned, "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary

circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Petitioner's filings, including his Response to the OSC, do not set forth any facts that show he is entitled to equitable tolling.

Accordingly, the pending Petition is barred by the statute of limitations.

## ORDER

Based upon the foregoing, the court finds the Petition is time-barred. Further, by way of the OSC, the court finds Petitioner has received notice and an adequate opportunity to show cause why the Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice. The Clerk is directed to enter judgment dismissing this action with prejudice and notifying Petitioner of said judgment. Any and all pending motions are terminated.

DATED: 5/4, 2010

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge